```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

Jarret Lenice Fortin et al.

    v.                                             Civil No. 15-cv-122-JL
                                                   Opinion No. 2015 DNH 185

Ocwen Loan Servicing, LLC et al.

**CORRECTED MEMORANDUM ORDER**

In this mortgage case, a third party to the mortgage challenges a foreclosure by raising claims under several federal statutes. Plaintiff Jarret Lenice Fortin, proceeding pro se, has brought a complaint against Ocwen Loan Servicing, LLC, the servicer of a mortgage loan on an Epping, New Hampshire residence; Sand Canyon Corporation, the successor-in-interest to Option One Mortgage, the original mortgagee; and Deutsche Bank National Trust Company, as trustee for Soundview Home Loan Trust 2005-OPT4, Asset-Backed Certificates, Series 2005-OPT4 ("Deutsche Bank"), the putative mortgagee. Defendants Deutsche Bank and Ocwen removed the action to this court, see 28 U.S.C. § 1441, which has jurisdiction under 28 U.S.C. § 1332 (diversity).

Through his Amended Complaint,[1] Fortin asserts claims against Ocwen and Deutsche Bank for (1) violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1601 et

---

[1]The Amended Complaint incorporates document nos. 1 and 10, as outlined in this court's summary order of July 13, 2015 (document no. 25).

seq.; (2) violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et seq.; (3) a variety of fraudulent behavior, including racketeering, mail fraud, securities counterfeiting, and record falsification; (4) a declaratory judgment that the defendants may not foreclose; and (5) a petition to quiet title.  Fortin also challenges the assignment of the mortgage from Sand Canyon to Deutsche Bank.  Finally, he seeks damages in an amount equal to or exceeding the value of the property and improvements thereto.

Defendants Ocwen and Deutsche Bank have moved to dismiss, arguing that Fortin's Amended Complaint fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6). Defendant Sand Canyon has moved for judgment on the pleadings, arguing that Fortin has not stated a cognizable claim against Sand Canyon.  See Fed. R. Civ. P. 12(c).  As explained in more detail below, Fortin lacks standing to bring claims for relief under the FDCPA and RESPA and to challenge the validity of the mortgage assignment.  Fortin has failed to state a claim for fraud or other fraudulent activity, or to quiet title, upon which this court can grant relief.  Thus, after hearing oral argument, the court grants defendants' motions.

**I.   Applicable legal standard**

For plaintiff's complaint to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege facts sufficient to "state a claim to relief" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court evaluates a motion for judgment on the pleadings under Rule 12(c) under essentially the same standard.  See Simmons v. Galvin, 575 F.3d 24, 30 (1st Cir. 2009).

In ruling on such motions, the court must accept as true all well-pleaded facts set forth in the complaint and must draw all reasonable inferences in the plaintiff's favor.  See, e.g., Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010).  The court "may consider not only the complaint but also facts extractable from documentation annexed to or incorporated by reference in the complaint and matters susceptible to judicial notice." Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009).  The court "need not, however, credit bald assertions, subjective characterizations, optimistic predictions, or problematic suppositions," and "[e]mpirically unverifiable conclusions, not logically compelled, or at least supported, by

3

the stated facts, deserve no deference." Sea Shore Corp. v. Sullivan, 158 F.3d 51, 54 (1st Cir. 1998) (internal quotations omitted).  With the facts so construed, "questions of law [are] ripe for resolution at the pleadings stage."  Simmons, 575 F.3d at 30.

## II.  Background

The following factual summary adopts the approach described above.  On August 31, 2005, Virginia Bacon obtained a loan from Option One Mortgage Corporation, executing (1) a promissory note payable to Option One and (2) a mortgage granting to Option One a security interest in her home at 162 Old Hedding Road in Epping, New Hampshire.  The mortgage was recorded at the Rockingham County Registry of Deeds shortly thereafter.

Bacon then conveyed the property to herself and Fortin as joint tenants with rights of survivorship on August 22, 2008.  This conveyance was also recorded in the Rockingham County Registry of Deeds.  Over the years, Fortin invested time, labor, and money to improve the property.  Bacon ultimately discharged the debt associated with the property through Chapter 7 bankruptcy in 2011.

The mortgage was subsequently conveyed to defendant Deutsche Bank.  On March 3, 2013, defendant Ocwen began servicing the loan.  The next day, Ocwen sent Bacon a letter, advising her of

the amount remaining unpaid on the loan, including interest and late charges. On March 28, 2013, Fortin responded in writing on Bacon's behalf, demanding that Ocwen cease and desist collection activities until it verified and validated the loan pursuant to the Fair Debt Collection Practices Act. See 15 U.S.C. § 1692g(a)(4). Ocwen did not respond.

Instead, on June 12, 2013, Ocwen wrote to Bacon that it had begun the foreclosure process and offered information about foreclosure alternatives. After Fortin got Ocwen's attention by sending his response to Ocwen's CEO, Ocwen informed Bacon that it had received "[her] correspondence requesting research to be performed for the . . . loan." Complaint (document no. 1-1) at 21. Ocwen then followed up on July 8, 2013, with another letter to Bacon explaining how the loan originated and that Ocwen acquired servicing rights on March 3, 2013. This letter also detailed the loan's outstanding principal, interest, late charges, and collection costs.

But this did not satisfy Fortin. On July 25, 2013, Fortin asked Ocwen, for a third time, for validation of "the alleged so-called debt." Complaint (document no. 1-1) at 28. Ocwen's prior communications did not validate or verify the debt, Fortin explained, because "[v]alidation requires a sworn deposition or

5

oath, or [a]ffidavit sworn by a competent witness," a requirement that Ocwen's prior communications did not satisfy.

On July 31, 2013, Ocwen sent yet another letter to Bacon enclosing a copy of the mortgage and note "for validation purposes" and informing her, among other things, that it had initiated foreclosure proceedings on June 11, 2013. Complaint (document no. 1-1) at 29. Though acknowledging that Bacon had discharged the debt through Chapter 7 Bankruptcy in 2011 and therefore was no longer personally liable for repaying the loan, Ocwen offered to allow her to retain the property by voluntarily submitting the scheduled payments and further offered to examine "workout alternatives" with her. In response, Fortin sent a fourth letter to Ocwen, again challenging Ocwen's verification of the debt.

Almost a year later, on October 28, 2014, Ocwen finally directed a letter to Fortin. Ocwen counsel wrote to Bacon and Fortin acknowledging the prior year's correspondence. Fortin responded, explaining that he still did not believe the debt had yet been properly verified or validated. Despite this communication, on December 22, 2014, Deutsche Bank, through its attorneys, notified Bacon of a pending foreclosure sale of the property, scheduled for January 28, 2015. Ocwen also sent a copy of the notice to Fortin, explaining that a title search showed

that he held an interest of record in the property.  Complaint (document no. 1-1) at 34.  Fortin objected to the sale.

On January 26, 2015, Fortin filed an action in Rockingham Superior Court on behalf of himself and Bacon, "by power of attorney."  The defendants removed the case to this court.  After the case was removed, Fortin moved to amend his complaint.  The court granted that motion in part and denied it in part, construing his original complaint and his supplemental filing as a single amended complaint but denying his request to add counsel of record in this case as defendants.  See Summary Order, July 13, 2015 (document no. 25).  Defendants Deutsche Bank and Ocwen have moved to dismiss the amended complaint pursuant to Rule 12(b)(6).  Defendant Sand Canyon answered the amended complaint and seeks judgment on the pleadings pursuant to Rule 12(c).  Fortin opposes both motions.[2]

---

[2] The court understands that the plaintiff's objection to defendants' motion to dismiss, which he filed eight days after the deadline, see L.R. 7.1(b), was delayed due to a death in his family.  In light of these circumstances, the court granted a *post hoc* extension of that deadline and of that for plaintiff's objection to Sand Canyon's motion for judgment on the pleadings -- which plaintiff timely filed in August 21, 2015 (document no. 33).  The court also accepted Deutsche Bank's and Ocwen's supplement to their motion to dismiss (document no. 32), and set a deadline for Fortin's objection thereto.  Order of August 10, 2015.  Because Fortin did not meet this latest deadline, the court deems waived his objection to defendants' supplement made only at oral argument.
 The day before oral argument, Fortin submitted additional papers recorded just that morning with the Rockingham County

### III. **Analysis**

#### A.   **Plaintiffs**

As an initial matter, the court must clarify who the plaintiffs are in this action. An action in this court "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). That party may represent himself or herself or may choose to be represented by an attorney. See Fed. R. Civ. P. 11(a). A party not represented by an attorney must personally sign "[e]very pleading, written motion, and other paper." Id.

While Fortin purports to sue the defendants on behalf of himself and Bacon, the parties agree that Bacon has not signed the complaint, Fortin's supplement to the complaint, or any other paper filed with this court. Indeed, Fortin represented to the court at the preliminary pretrial conference held on June 8, 2015, that Bacon will not appear in this action. Therefore, Bacon is not a pro se plaintiff in this case.

Nor can Fortin bring any claims on Bacon's behalf. It is well-settled that a party has a right to represent himself in court, but may not represent another in court unless he is an

---

Registry of Deeds, which he alleged concerned the court's jurisdiction over the plaintiff and authority to hear the case. Though the filing was not permissible and the papers were not relevant, the court allowed Fortin to discuss them at oral argument without objection from defendants. Having reviewed them, the court finds they have no impact on this decision.

attorney.  See 28 U.S.C.A. § 1654; see also Local Rule 83.2(d) ("Persons who are not members of the bar of this court and to whom [certain exceptions] are not applicable will be allowed to appear before this court only on their own behalf."); Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982) ("The federal courts have consistently rejected attempts at third-party lay representation.  By law an individual may appear in federal courts only pro se or through legal counsel.").  Though Fortin purports to act under a "power of attorney" executed by Bacon, this does not authorize him to act as her legal counsel in federal court.  As Judge McAuliffe has explained, "[w]hile a non-lawyer is certainly entitled to represent himself in federal proceedings, he may not, without engaging in the unauthorized practice of law, represent the interests of a third party, even if that third party has vested him with power of attorney." McLaughlin v. Kickham, 2003 DNH 076, 3 & n.1.

Accordingly, Fortin is the only plaintiff properly before the court in this action and he represents only himself.

### B. FDCPA

A plaintiff seeking to recover under the FDCPA must plead facts sufficient to show that:  "(1) they have been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt

collector' under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the [Act]."  Moore v. Mort. Elec. Reg. Sys., Inc., 848 F. Supp. 2d 107, 124 (quoting Beadle v. Haughey, 2005 DNH 016, 7).  Ocwen and Deutsche Bank contend that Fortin has failed to plead facts sufficient to suggest that Fortin's claim satisfies the first requirement -- that Fortin has been the object of collection activity arising from a consumer debt.  The court agrees.[3]

The FDCPA defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3).  Fortin has not alleged and does not contend that he is a consumer under the statute.  To the contrary, he has confirmed that he is not "a signatory to the alleged Mortgage and Promissory note," Objection to Motion to Dismiss (document no. 19) at 4, and thus is not obligated -- or even allegedly obligated -- to pay the debt for which the property stood as security.

Nor do the facts, even read in the light most favorable to Fortin, lend themselves to an understanding that he was the

---

[3]Having concluded that Bacon is not a party to this action (see Part III.A, supra) and that Fortin's FDCPA claim fails at the first step, the court need not consider whether Ocwen qualifies as a debt collector under the act, nor whether Ocwen engaged in behavior prohibited by the FDCPA or failed to engage in behavior required by the FDCPA.

object of collection activity.  Except for two letters, Ocwen's communications were addressed solely to Bacon.  And neither of those two letters to Fortin can be plausibly read to amount to "collection activity arising from a consumer debt."  Moore, 848 F. Supp. 2d at 124.  The first, sent from Ocwen's counsel, Korde & Associates, P.C., on October 28, 2014, merely acknowledged Fortin's and Bacon's correspondence concerning validation of the debt.[4]  The second, sent on December 22, 2014, was also from Ocwen's counsel.  It informed Fortin of the impending foreclosure sale and was sent to him pursuant to RSA 479:25 because he had a recorded interest in the property.  Nothing in that communication references the loan nor any effort by Ocwen to collect it from Fortin.  On these facts, Ocwen's communications to Fortin cannot be construed as attempts to collect a debt from Fortin.  Accordingly, Fortin's claims under the FDCPA against Ocwen and Deutsche Bank are dismissed.

### C.    RESPA

Like his claim under the FDCPA, the essence of Fortin's claim under RESPA, and the subject of his several letters to Ocwen and its chief executive officer, is that Ocwen failed to

---

[4]Though the complaint references this letter as "Exhibit E11," no Exhibit E11 was submitted with the complaint.  The court therefore relies on Fortin's recitation of the letter's contents.

provide the exact information Fortin requested at the time he requested it.  This claim also fails.

In relevant part, RESPA invests an obligation in the servicer of any mortgage loan to acknowledge receipt of "a qualified written request from the borrower (or an agent of the borrower) within 5 days . . . ."  12 U.S.C. § 2605(e)(1)(A).  The servicer must then provide a more complete response within 30 days.  Id. at § 2605(e)(2).  In that more complete response, the servicer must either (a) "make appropriate corrections in the account of the borrower" or (b) "after conducting an investigation, provide the borrower with a written explanation or clarification . . . ."  12 U.S.C. § 2605(e)(1)(A).  If the servicer fails to comply with these obligations, it "shall be liable to the borrower for each such failure" for actual or statutory damages.  12 U.S.C. § 2605(f) (emphasis added).  Under the statute, then, a servicer who fails in its obligations to respond to a qualified written request, whether from the borrower or from a third party on the borrower's behalf, is liable only to the borrower.

As discussed supra, Fortin does not allege -- indeed, Fortin denies -- that he is a borrower under the loan at issue.  Bacon is the alleged borrower, but Bacon is not a party to this action.  Therefore, Fortin's claim under RESPA must be dismissed.

**D.   Mortgage assignment**

Fortin also challenges the assignment of Bacon's mortgage from Sand Canyon to Deutsche Bank. The assignment "should not exist," he contends, because Sand Canyon's president declared as of March 18, 2009 that Sand Canyon no longer owned "any residential real estate mortgages." The court understands Fortin to be arguing that, because Sand Canyon declared that it did not own any mortgages at that time -- presumably, including Bacon's -- Sand Canyon could not validly assign Bacon's mortgage to Deutsche Bank in 2013.[5] As this court concluded in Drouin v. American Home Mortg. Servicing, Inc. -- where plaintiffs asserted a similar claim based on the same affidavit from Sand Canyon's president -- a mortgagor may, under these circumstances, "have standing to pursue their theory that Sand Canyon did not hold their mortgage, and thus could not have assigned it . . . ." 2012 DNH 089, 10. But Fortin is not the mortgagor. As a third party without an interest in the mortgage or the loan, Fortin has no such standing. Cf. Culhane v. Aurora Loan Servs. of Nebraska,

---

[5] Defendants submitted the assignment as Exhibit B to their respective Motions to Dismiss and Motion for Judgment on the Pleadings. Because Fortin discusses the assignment in his complaint, the court may take notice of it. See Lister v. Bank of America, N.A., No. 14-1448, 2015 WL 3635282, at *1 n.2 (1st Cir. June 12, 2015) (affirming district court's consideration of documents expressly referred to in complaint when ruling on motion to dismiss).

13

708 F.3d 282, 291 (1st Cir. 2013) (observing that a mortgagor is in an "unusual position" compared to traditional non-parties to a contract, who "generally lack[] standing to assert rights under that contract"). And for the reasons discussed supra at Part III.A, any claim on Bacon's behalf is not properly before the court. Thus, Fortin's challenge to the assignment must also be dismissed.

### E.   Claims under Title 18

Fortin generally alleges that Deutsche Bank and Ocwen engaged in fraudulent behavior amounting to racketeering (18 U.S.C. §§ 1961 et seq.), mail fraud (18 U.S.C. § 1341, 1342), securities counterfeiting (18 U.S.C. §§ 471-473, 513), and record falsification (18 U.S.C. §§ 2071, 2073). As an initial matter, 18 U.S.C. §§ 513, 2071, and 2073 do not create a private cause of action for counterfeiting securities or falsifying records. Fortin's claims under these statutes must therefore be dismissed.

As to the rest, Fortin appears to bring these claims under the Racketeer Influenced and Corrupt Organizations Act (RICO). See 18 U.S.C. §§ 1961 et seq. "To state a claim under section 1962(c), a plaintiff must allege each of the four elements required by the statute: (1) conduct (2) of an enterprise, (3) through a pattern (4) of racketeering activity." N. Bridge Assocs., Inc. v. Boldt, 274 F.3d 38, 42 (1st Cir. 2001). The

14

definition of "racketeering" under the act includes "any act which is indictable under" certain provisions of Title 18 of the United States Code, including but not limited to sections 471, 472, 473, 1341, and 1342.  18 U.S.C. § 1961(1).  However, like the defendants, the court "has been unable to find any facts alleged from which one can reasonably infer" that Fortin has stated a claim for relief under RICO.[6]  LeDoux v. JP Morgan

---

[6] As far as the court can tell, these accusations appear to be undergirded by Fortin's allegation that the defendants failed to supply him "with proper verified, validated, evidence/proof of the claim that [Deutsche Bank,] by way of their agent [Ocwen] is still or ever was the legal 'principal' or 'holder in due course.'"  Complaint (document no. 1-1) at 5.  The debt has not been validated, he argues, because Deutsche Bank failed to produce the "wet ink" original copy of the note and mortgage.  But New Hampshire's non-judicial foreclosure statute does not require the mortgagee to produce the original wet-ink signature copy of the mortgage before initiating such a foreclosure.  See N.H. Rev. Stat. Ann. § 479:25.  This court and others have uniformly rejected what has come to be known as this "show-me-the-note" theory.  See Pro Mod Realty, LLC v. U.S. Bank Nat'l Ass'n, 2014 DNH 069, 9-10 (granting motion to dismiss where plaintiffs challenged defendants' standing to foreclose because defendants had not produced the original promissory note); Allen v. Bank of Am., N.A., No. 14-CV-429, 2015 WL 1726986, at *5 (W.D. Tex. Apr. 15, 2015) (same); Salmon v. Bank of Am. Corp., No. CV-10-446, 2011 WL 2174554, at *6 (E.D. Wash. May 25, 2011) (same); Sundell-Bahrd v. Tiffany & Bosco, P.A., No. CV 108096, 2010 WL 2595083, at *1 (D. Ariz. June 24, 2010) (denying motion to enjoin foreclosure sale on similar grounds); Stein v. Chase Home Fin., LLC, No. 09-1995, 2010 WL 4736828, at *3 (D. Minn. Aug. 13, 2010) report and recommendation adopted, No. CIV. 09-1995 MJD JJG, 2010 WL 4736233 (D. Minn. Nov. 16, 2010) aff'd, 662 F.3d 976 (8th Cir. 2011) (rejecting "show me the note" theory raised in support of motion for summary judgment and collecting authority).  Even construing the facts alleged in Fortin's complaint in the light most favorable to him, the court cannot conclude that Fortin has stated a claim that he was injured by some fraudulent activity on

Chase, N.A., 2012 DNH 194, 28.  Such "naked assertion[s] devoid of further factual enhancement" do not satisfy the threshold for stating a claim in federal court.  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557)).  Accordingly, these claims must be dismissed.

**F.   Quiet Title**

Defendants Ocwen and Deutsche Bank also ask the court to dismiss Fortin's request to quiet his title to the property pursuant to N.H. Rev. Stat. Ann. § 498:5-a (2015).  Through an action to quiet title, the plaintiff "essentially seeks a declaratory judgment from the court regarding the parties' land interests." Porter v. Coco, 154 N.H. 353, 357 (2006).  A successful petition to quiet title "quiets title as against the world with respect to the land at issue." Id., citing Sorenson v. Wilson, 124 N.H. 751, 757 (1984).  Because of this, "[u]nder New Hampshire law, the party seeking to quiet title bears the burden of establishing his good title to the property against the interests of all others." Fadili v. Deutsche Bank Nat. Trust Co., 772 F.3d 951, 954 (1st Cir. 2014) (citing Porter v. Coco, 154 N.H. 353, 357 (2006)).

---

the part of the defendants solely on the basis that the defendants failed to produce the "wet ink" note, which they were not obligated to do.

Fortin did not timely object to this motion, see supra at 7 n.2, and the court therefore deems his objection waived.  Even if Fortin had timely objected, he has not pled facts that would allow the court to draw a reasonable inference that he is entitled to this relief.  See Iqbal, 556 U.S. at 678.  Fortin's claimed interest in the property arises from a 2005 quitclaim deed executed by Bacon and conveying the property to herself and Fortin as joint tenants.  Any interest Fortin took in the property through this conveyance was subject to the mortgage and its conditions, which included the possibility of foreclosure in the event of default.  See Cadle Co. v. Bourgeois, 149 N.H. 410 (2003) (a subsequent transfer of mortgaged property "does not release the real estate from the mortgage, unless the mortgage is unrecorded . . . ." (quoting Restatement (Third) of Property (Mortgages) § 5.1 comment b at 330 (1997)).

Fortin does not contest the validity of the mortgage and admits that he knew the mortgage encumbered the property before the 2005 quitclaim deed was executed.  Even without such an admission, Fortin would have had constructive knowledge of the mortgage.  New Hampshire is a "race-notice" jurisdiction. Amoskeag Bank v. Chagnon, 133 N.H. 11, 14 (1990).  Accordingly, "all purchasers or creditors are held to be constructively notified of any properly recorded interest, whether or not the

17

purchaser or creditor actually performs a title search." Id. And there is no dispute that the mortgage was recorded before the 2005 quitclaim deed -- Fortin alleges as much. Any claim Fortin may raise subject to the "common law notice and claim of lien" on the property recorded by Fortin on January 9, 2015, fails for the same reason. Fortin's claim to quiet title must, therefore, be dismissed.

### G.   Origination

Defendants read a list of demands in Fortin's Amended Complaint to implicate claims relating to origination of the loan. While the court does not see in Fortin's list of demands any claims not already addressed above, to the extent that the complaint can be read to assert any claims relating to the origination of the note and mortgage, defendants are correct that such claims would be barred by the three-year statute of limitations. See N.H. Rev. Stat. Ann. 508:4, I. The note and mortgage were executed and recorded in 2005. Fortin admits in his opposition to defendants' motion to dismiss that he was aware of the transaction when it occurred. Thus, even assuming Fortin was in any way injured thereby -- and he has not alleged that he was -- any claims arising from that transaction would be barred because more than three years have passed.

## IV.   Conclusion

In the conclusion of his supplement to the complaint, Fortin poses the question:  "Should the one, who funded the loan, be repaid the money?"  Motion for Leave, (document no. 10) at 8. Under the law, as a general matter, the answer is yes.  But as Fortin acknowledges, that is a matter to be resolved between the one who funded the loan and the one who received it in exchange for a security interest on the property.  Fortin has alleged that Bacon is that one, here.  Fortin, who was not a party to the note or mortgage, cannot bring these claims on his own behalf, and he has no authority to litigate them on Bacon's behalf.  Nor has Fortin stated a claim for relief on his allegations of defendants' fraudulent activity or related to the origination of the loan.

Accordingly, defendant Sand Canyon's motion for judgment on the pleadings[7] and defendants Deutsche Bank's and Ocwen's motion to dismiss[8] are GRANTED.  The clerk shall enter judgment accordingly and close the case.

---

[7] Document no. 26.

[8] Document nos. 15, 29, 32.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: September 28, 2015

cc: Jarrett Lenice Fortin, pro se
    Virginia Bacon, pro se
    Jessica Suzanne Babine, Esq.
    Dudley C. Goar, Esq.
    Laurence B. Cote, Esq.